909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George TOLBERT, Plaintiff-Appellant,
v.
John HORN, Nursing Supt., Dixon, Nurse, Claudette Aeh,
Nurse, Defendants-Appellees.
 No. 89-4073.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1990.
 
 Before KENNEDY, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, George Tolbert, appeals the jury verdict for defendants in this civil rights action brought pursuant to 42 U.S.C. Sec. 1983. He now moves for appointment of counsel and for a transcript at government expense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a black inmate at the Southern Ohio Correctional Facility (SOCF), filed his pro se complaint in the District Court for the Southern District of Ohio, naming as defendants the Supervisor of the Infirmary at SOCF and two first shift nurses at SOCF. The defendants were sued in their individual and official capacities. Plaintiff alleged that the defendants deprived him of necessary medical care in violation of his constitutional rights.
 
 
 3
 Plaintiff's complaint was tried before a jury on September 19, 20, and 21, 1989. At the conclusion of plaintiff's proof, the district court granted defendant Horn's motion for a directed verdict. After trial, the jury returned a verdict in favor of the remaining defendants.
 
 
 4
 On appeal, plaintiff argues that the trial court abused its discretion in refusing a motion for a continuance and also that it was improper for the Assistant Attorney General to use a peremptory challenge in a racially discriminatory manner to remove the sole black juror from the jury panel. Upon review, we affirm the judgment entered in accordance with the jury's verdict.
 
 
 5
 The granting or denial of a motion for a continuance is committed to the sound discretion of the trial judge and will not be reversed on appeal absent a showing of a clear abuse of discretion. Pingatore v. Montgomery Ward and Company, 419 F.2d 1138, 1141 (6th Cir.1969), cert. denied, 398 U.S. 928 (1970). Plaintiff's counsel stated that he had prepared the case for trial. In addition, plaintiff's counsel was given the opportunity to meet with his client and the defendants' witnesses prior to trial. Under such circumstances and absent any showing of prejudice, there was no clear abuse of discretion.
 
 
 6
 Plaintiff's contention that the defendants improperly used a peremptory challenge to excuse a black juror in violation of Batson v. Kentucky, 476 U.S. 79 (1986), also lacks merit. The applicability of the jury selection standards established in Batson has not been extended to civil cases in this circuit. Even if Batson did apply, plaintiff has not indicated any reviewable facts that would compel us to find that the circumstances surrounding the defendants' exercise of their peremptory challenges established a prima facie case of purposeful discrimination against black jurors. See Batson, 476 U.S. at 96. Moreover, the defendants provided a neutral explanation for the challenge.
 
 
 7
 For the foregoing reasons, the motion for appointment of counsel is denied, the motion for a transcript at government expense is denied as moot, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.